Ernest Ralph **HUDDLESTON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 8432.

United States Court of Appeals Tenth Circuit.

Feb. 23, 1966.

Timothy L. Campbell, for appellant.

Donald E. Cordova, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and CHRISTENSEN, District Judge.

PER CURIAM.

The appellant was convicted by his plea of guilty of violating the Dyer Act, 18 U.S.C. § 2312. He was sentenced to an indeterminate term of imprisonment of not to exceed five years under the provisions of 18 U.S.C. § 4208(a) (2). After he had commenced the service of this sentence he again came before the sentencing court on his petition for relief under 28 U.S.C. § 2255.

Following a hearing on the § 2255 proceeding, at which the defendant testified and at which there was received in evidence a psychiatric report from the institution where sentence was being served, the trial court, adversely to defendant's contentions, found that an alleged illegally obtained confession had not been used against him; that upon arraignment, after being duly advised of his constitutional rights, he waived counsel; that he was mentally competent to stand trial; that he waived counsel voluntarily, understandingly and intelligently; that his plea of guilty was voluntarily, understandingly and intelligently made, and that he had ample mental capacity to understand the nature of the charges against him and the consequences of his plea. These findings are supported by substantial evidence and are controlling.

On this appeal counsel for the defendant suggests that established rules should be extended to invalidate as of course the sentence of a chronic alcoholic, such as the defendant, despite an otherwise proper plea of guilty, upon the theory that no such plea should be accepted from any chronic alcoholic without the appointment of counsel and a psychiatrist. No such general requirement exists in favor of a chronic alcoholic under the circumstances, when his voluntary and understanding waiver of counsel and his plea of guilty have been carefully determined and accepted by the trial court as in this case, and there was no reason to believe that he may have been insane or so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense.

Affirmed.